# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

### Civil Action No. 2:22-cv-00154

SAMANTHA STEVINS,

     Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION,
As Trustee Successor In Interest to Bank of
America, National Association, As Trustee
Successor by Merger to LaSalle Bank National
Association, As Trustee for Merrill Lynch Mortgage
Investors Trust, Mortgage Loan Asset-Backed
Certificates 2006-MLN1; and JAMES E.
ALBERTELLI, P.A. d/b/a Albertelli Law; and
NATIONSTAR MORTGAGE d/b/a Mr. Cooper,

     Defendants.

---

### DEFENDANT JAMES E. ALBERTELLI, P.A. d/b/a ALBERTELLI LAW'S  ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

---

COMES NOW, Defendant, James E. Albertelli, P.A. d/b/a Albertelli Law ("ALAW"), by and through its undersigned counsel and, files this Answer and Affirmative Defenses to Plaintiff's Complaint [ECF No. 1], and in support would respectfully show the following:

1

## NATURE OF THE ACTION

1.     Paragraph No. 1 of Plaintiff's Complaint is admitted for purposes of claims identification,  personal jurisdiction, federal question jurisdiction and venue only.  The Defendant ALAW denies that it is liable to the Plaintiff for any alleged action or inaction under these statutes and has raised certain denials and affirmative defenses in this case.  Otherwise, denied.

## JURISIDICTION AND VENUE

2.     Defendant ALAW admits Paragraph No. 2 of Plaintiff's Complaint only to the extent that the claims under the federal Fair Debt Collection Practices Act (FDCPA) and/or the Real Estate Settlement Procedures Act (RESPA) provide federal question and subject matter jurisdiction pursuant to 28 U.S.C. Section 1331. Defendant ALAW admits that supplemental jurisdiction should be extended to Florida's Consumer Collection Practice Act ("FCCPA"). Otherwise, denied.

3.     Defendant ALAW admits Paragraph No. 3 of Plaintiff's Complaint only to the extent that venue is appropriate for the claims under the federal Fair Debt Collection Practices Act (FDCPA) and the Florida's Consumer Collection Practice Act ("FCCPA"). Otherwise, denied.

## PARTIES

4.     Admitted solely for the purposes of jurisdiction and venue. Otherwise, denied.

5.    The allegations contained in Paragraph No. 5 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 5 are denied.

6.    The allegations contained in Paragraph No. 6 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 6 are denied.

7.    Defendant ALAW admits the allegations contained in Paragraph No. 7 of Plaintiff's Complaint.

8.    Admitted to the extent that Defendant ALAW was retained as legal counsel to seek recovery of an underlying debt obligation claimed due by the original and/or current creditor. All actions taken by Defendant ALAW were as legal counsel for this purpose. Otherwise, denied.

9.    The allegations contained in Paragraph No. 9 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or

3

information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 9

10.    The allegations contained in Paragraph No. 10 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 10 are denied.

## FACTUAL ALLEGATIONS

11.    Admitted to the extent that Defendant ALAW was retained as legal counsel to seek recovery of an underlying debt obligation claimed due by the original and/or current creditor. All actions taken by Defendant ALAW were as legal counsel for this purpose. Otherwise, denied.

12.    The allegations contained in Paragraph No. 12 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 12 are denied.

13.    The allegations contained in Paragraph No. 13 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 13 are denied.

14.    The allegations contained in Paragraph No. 14 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 14 are denied.

15.    The allegations contained in Paragraph No. 15 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 15 are denied.

16.    The allegations contained in Paragraph No. 16 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or

information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 16 are denied.

17.    The allegations contained in Paragraph No. 17 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 17 are denied.

18.    The allegations contained in Paragraph No. 18 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 18 are denied.

19.    The allegations contained in Paragraph No. 19 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 19 are denied.

20.     The allegations contained in Paragraph No. 20 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 20 are denied.

21.     The allegations contained in Paragraph No. 21 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 21 are denied.

22.     The allegations contained in Paragraph No. 22 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 22 are denied.

23.     The allegations contained in Paragraph No. 23 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or

information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 23 are denied.

24.     The allegations contained in Paragraph No. 24 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 24 are denied.

25.     The allegations contained in Paragraph No. 25 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 25 are denied.

26.     The allegations contained in Paragraph No. 26 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 26 are denied.

27.    The allegations contained in Paragraph No. 27 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 27 are denied.

28.    The allegations contained in Paragraph No. 28 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 28 are denied.

29.    The allegations contained in Paragraph No. 29 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 29 are denied.

30.    The allegations contained in Paragraph No. 30 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or

information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 30 are denied.

31.    The allegations contained in Paragraph No. 31 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 31 are denied.

32.    The allegations contained in Paragraph No. 32 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 32 are denied.

33.    The allegations contained in Paragraph No. 33 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 33 are denied.

34.    The allegations contained in Paragraph No. 34 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 34 are denied.

35.    The allegations contained in Paragraph No. 35 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 35 are denied.

36.    Admitted to the extent that Defendant ALAW was retained as legal counsel to seek recovery of an underlying debt obligation claimed due by the original and/or current creditor. All actions taken by Defendant ALAW were as legal counsel for this purpose. Otherwise, denied.

37.    Admitted to the extent that the State Foreclosure Action did not contain the disclosures required under Section 1692g since that information was provided by Defendant ALAW in a previous communication.  Denied to the extent that the State Foreclosure Complaint is not a "communication" under the FDCPA pursuant to Section 1692e(11), however, the content and

11

context of the pleading sufficiently indicated that Defendant ALAW was a debt collector.

38.    Denied. Defendant demands strict proof thereof.

39.    Denied. Defendant demands strict proof thereof.

40.    Denied. Defendant demands strict proof thereof.

41.    Denied. Defendant demands strict proof thereof.

42.    Admitted to the extent that the content of the Second Foreclosure Action (Complaint) is self-evident.  Defendant ALAW denies any liability to the Plaintiff based on the content of the Complaint. Otherwise, denied.

43.    Admitted to the extent that the content of the Second Foreclosure Action (Complaint) is self-evident.  Defendant ALAW denies any liability to the Plaintiff based on the content of the Complaint. Otherwise, denied.

44.    Admitted to the extent that the content of the Second Foreclosure Action (Complaint) is self-evident.  Defendant ALAW denies any liability to the Plaintiff based on the content of the Complaint. Otherwise, denied.

45.    Admitted to the extent that the content of the Second Foreclosure Action (Complaint) is self-evident.  Defendant ALAW denies any liability to the Plaintiff based on the content of the Complaint. Otherwise, denied.

46.    Admitted to the extent that the content of the Second Foreclosure Action (Complaint) is self-evident.  Defendant ALAW denies any liability to the Plaintiff based on the content of the Complaint. Otherwise, denied.

47.     Admitted to the extent that the content of the Second Foreclosure Action (Complaint) is self-evident.  Defendant ALAW denies any liability to the Plaintiff based on the content of the Complaint. Otherwise, denied.

48.     Admitted to the extent that the content of the Second Foreclosure Action (Complaint) is self-evident.  Defendant ALAW denies any liability to the Plaintiff based on the content of the Complaint. Otherwise, denied.

49.     Admitted to the extent that the content of the Second Foreclosure Action (Complaint) is self-evident.  Defendant ALAW denies any liability to the Plaintiff based on the content of the Complaint. Otherwise, denied.

50.     Admitted to the extent that the content of the Second Foreclosure Action (Complaint) is self-evident.  Defendant ALAW denies any liability to the Plaintiff based on the content of the Complaint. Otherwise, denied.

51.     Admitted to the extent that the content of the Second Foreclosure Action (Complaint) is self-evident.  Defendant ALAW denies any liability to the Plaintiff based on the content of the Complaint. Otherwise, denied.

52.     Admitted to the extent that the content of the Second Foreclosure Action (Complaint) is self-evident.  Defendant ALAW denies any liability to the Plaintiff based on the content of the Complaint. Otherwise, denied.

53.     Admitted to the extent that the content of the Second Foreclosure Action (Complaint) is self-evident.  Defendant ALAW denies any liability to the Plaintiff based on the content of the Complaint. Otherwise, denied.

54.   Denied. Defendant demands strict proof thereof.

55.   Denied. Defendant demands strict proof thereof.

56.   Denied. Defendant demands strict proof thereof.

57.   Denied. Defendant demands strict proof thereof.

58.   Denied. Defendant demands strict proof thereof.

59.   Denied. Defendant demands strict proof thereof.

60.   Denied. Defendant demands strict proof thereof.

61.   Denied. Defendant demands strict proof thereof.

62.   Denied. Defendant demands strict proof thereof.

63.   Denied. Defendant demands strict proof thereof.

64.   Denied. Defendant demands strict proof thereof.

65.   Denied. Defendant demands strict proof thereof.

66.   The allegations contained in Paragraph No. 66 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 66 are denied.

67.   The allegations contained in Paragraph No. 67 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or

information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 67 are denied.

68.    Admitted to the extent that the State Foreclosure Action was filed on or around August 3, 2018; Otherwise denied.

69.    Admitted.

70.    Admitted.

71.    Unknown at this time; therefore denied.

72.    Unknown at this time; therefore denied.

73.    Unknown at this time; therefore denied.

74.    Unknown at this time; therefore denied.

75.    The allegations contained in Paragraph No. 75 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 75 are denied.

76.    The allegations contained in Paragraph No. 76 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent

that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 76 are denied.

77.   Admitted.

78.   Admitted.

79.   Denied. Defendant demands strict proof thereof.

80.   Unknown at this time.   Additional factual information will be required to determine if Plaintiff has sufficiently alleged or maintains Article III standing.

## COUNT I: FDCPA

81.   Defendant ALAW incorporates its responses to paragraphs 1 through 80 above as if fully restated hereto.

82.   Admitted.

83.   Admitted.

84.    The allegations contained in Paragraph No. 84 of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained herein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in Paragraph No. 84 are denied.

85.   Unknown at this time; therefore denied.

86.     Admitted to the extent that the provisions of Section 1692e of the Fair Debt Collection Practices Act are self-evident.  Defendant ALAW denies that any alleged action or inaction as asserted by the Plaintiff supports a finding of liability on the part of Defendant ALAW. Therefore, Paragraph No. 86 is denied.

87.     Admitted to the extent that the provisions of Section 1692e, including, but not limited to Sections 1692e(2); 1692e(5), 1692e(10) and Section 1692e(11) of the Fair Debt Collection Practices Act are self-evident.  Defendant ALAW denies that any alleged action or inaction as asserted by the Plaintiff supports a finding of liability on the part of Defendant ALAW. Therefore, Paragraph No. 86 is denied.

88.     Denied. Defendant ALAW demands strict proof thereof.

89.      Admitted to the extent that the provisions of Section 1692f of the Fair Debt Collection Practices Act are self-evident.  Defendant ALAW denies that any alleged action or inaction as asserted by the Plaintiff supports a finding of liability on the part of Defendant ALAW. Therefore, Paragraph No. 86 is denied.

90.     Denied. Defendant ALAW demands strict proof thereof.

91.     Denied. Defendant ALAW demands strict proof thereof.

92.     Denied. Defendant ALAW demands strict proof thereof.

93.     Denied. Defendant ALAW demands strict proof thereof.

17

94.    Denied. Defendant ALAW demands strict proof thereof.

95.    Denied. Defendant ALAW demands strict proof thereof.

## COUNT II: FCCPA

96.    Defendant ALAW incorporates its responses to paragraphs 1 through 80 above as if fully restated hereto.

97.    Admitted.

98.    Admitted.

99.     Unknown at this time; therefore denied.

100.    Admitted to the extent that the provisions of Florida's Consumer Collection Practices Act, including, but not limited to, Section 559.72(9) *Fla. Stat.*, are self-evident.  Defendant ALAW denies that any alleged action or inaction as asserted by the Plaintiff supports a finding of liability on the part of Defendant ALAW. Therefore, Paragraph No. 100 is denied.

101.    Denied. Defendant ALAW demands strict proof thereof.

## COUNT III: RESPA

102.    Defendant ALAW incorporates its responses to paragraphs 1 through 101 above as if fully restated hereto.

103. The allegations contained in this paragraph of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained therein. To the extent

18

that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in this paragraph are denied as to Defendant ALAW.

104. The allegations contained in this paragraph of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained therein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in this paragraph are denied as to Defendant ALAW.

105. The allegations contained in this paragraph of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained therein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in this paragraph are denied as to Defendant ALAW.

106. The allegations contained in this paragraph of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained therein. To the extent

that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in this paragraph are denied as to Defendant ALAW.

107. The allegations contained in this paragraph of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained therein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in this paragraph are denied as to Defendant ALAW.

108. The allegations contained in this paragraph of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained therein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in this paragraph are denied as to Defendant ALAW.

109. The allegations contained in this paragraph of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained therein. To the extent

that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in this paragraph are denied as to Defendant ALAW.

## COUNT IV: QUIET TITLE

110.  Defendant ALAW incorporates its responses to paragraphs 1 through 109 above as if fully restated hereto.

111.  The allegations contained in this paragraph of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained therein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in this paragraph are denied as to Defendant ALAW.

112.  The allegations contained in this paragraph of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained therein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in this paragraph are denied as to Defendant ALAW.

113.   The   allegations   contained   in   this   paragraph   of   Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained therein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in this paragraph are denied as to Defendant ALAW.

114.   The   allegations   contained   in   this   paragraph   of   Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained therein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in this paragraph are denied as to Defendant ALAW.

115.   The   allegations   contained   in   this   paragraph   of   Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained therein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in this paragraph are denied as to Defendant ALAW.

116. The allegations contained in this paragraph of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained therein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in this paragraph are denied as to Defendant ALAW.

117. The allegations contained in this paragraph of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained therein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in this paragraph are denied as to Defendant ALAW.

118. The allegations contained in this paragraph of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained therein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in this paragraph are denied as to Defendant ALAW.

119. The allegations contained in this paragraph of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained therein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in this paragraph are denied as to Defendant ALAW.

120. The allegations contained in this paragraph of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained therein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in this paragraph are denied as to Defendant ALAW.

121. The allegations contained in this paragraph of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained therein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in this paragraph are denied as to Defendant ALAW.

122. The allegations contained in this paragraph of Plaintiff's Complaint are directed solely to a Defendant other than Defendant ALAW and therefore, at this time, Defendant ALAW lacks sufficient knowledge or information to admit or deny the allegations contained therein. To the extent that the allegations are asserted directly, indirectly, or vicariously against Defendant ALAW, the allegations in this paragraph are denied as to Defendant ALAW.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant affirmatively alleges that Defendant is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents, or principals.

### Second Affirmative Defense

Defendant affirmatively alleges that to the extent that any allegations exceed one (1) year from the date of filing the Complaint, such claims or allegations are barred by the year statute of limitations under the Fair Debt Collection Practices Act ("FDCPA"). The Eleventh Circuit has determined, as has every other court to consider the issue, that "where the act allegedly violating the FDCPA is a debt collection or foreclosure lawsuit . . . the clock beings to run on either the date the initial suit was filed or the day the FDCPA plaintiff became aware of the initial suit." *Rivas v. The Bank of New York*

*Mellon, 676 F. App'x 926, 929-30 (11th Cir. 2017).* Moreover, the general course of litigation does not give rise to continuing FDCPA violations. *See Parker v. Pressler & Pressler, LLP, 650 F. Supp. 2d 326, 341 (D. N.J. 2009)* ("The course of litigation is not, in itself, a 'continuing violation' of the FDCPA."); *Kimmel v. Phelan Hallinan & Schmieg, P.C., 847 F. Supp. 2d 753, 767 (E.D. Pa. 2012)* ("[p]articipation in debt collection litigation does not qualify as a continuing violation under the FDCPA."); *see also Naas v. Stolman, 130 F.3d 892, 892-93 (9th Cir. 1997)* (statute of limitations for FDCPA claim began when the debt collection lawsuit was filed because "filing a complaint is the debt collector's last opportunity to comply with the [FDCPA]."); *Zenon v. Palisades Collection, LLC, No. 8:07-cv-2198-T-30-MAP, 2008 U.S. Dist. LEXIS 13072, 2008 WL 506231, at *1 (M.D. Fla. Feb. 21, 2008)* ("The alleged misconduct ... and the misrepresentation of Plaintiff s debt culminated in the filing of the lawsuit. The one year limitation period began [to] run when the lawsuit was filed.").

## Third Affirmative Defense

Defendant affirmatively alleges that Defendant cannot be held liable for state actions or inactions taken during the course and scope of a judicial proceeding under Florida's litigation privilege "absolute immunity." *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So. 2d 380 (Fla. 2007); Liven, Middlebrooks, Mabie, Thomas, Mayes, & Mitchell, PA v. United*

*States Fire Ins. Co., 639 So.2d 606 (Fla. 1994); Zucker v. United States Specialty Ins. Co., 856 F.3d 1343, 1349 (11th Cir. 2017).* The litigation privilege has been applied FCCPA claims, and this Court knows of no decision to the contrary. *See, e.g., Echevarria, 950 So. 2d 380 at 381, 384; Solis v. CitiMortgage, Inc., 699 F. App'x 891, 894 (11th Cir. 2017); Lima v. Bank of Am., N.A., 249 F. Supp. 3d 1308, 1313 (S.D. Fla. 2017).*

**Fourth Affirmative Defense**

Defendant affirmatively alleges that the alleged actions of Defendant and its agents and employees are protected by the "*bona fide* error" defense pursuant to the Fair Debt Collection Practices Act, Section 1692k, since such actions or inactions, if they occurred, were not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such an error.

**Fifth Affirmative Defense**

Defendant affirmatively alleges that Plaintiff has failed to demonstrate any relief under the Fair Debt Collection Practices Act since the State Foreclosure Action is not deemed a "communication" as that term is defined under the FDCPA. See: *15 U.S.C. Section 1692e(11) (…except* that this paragraph shall not apply to a formal pleading made in connection with a legal action.); *Rivas v. Pollack & Rosen, P.A.,* 2019 U.S. Dist. LEXIS 207460 (S.D. Fla. 2019) stating "The court noted that this interpretation of the

formal pleading exception was consistent with other district courts, who have regularly held that a "variety of litigation-related documents qualify under the 'formal pleading' exception.'" 2018 U.S. Dist. LEXIS 181593, [WL] at *3 (citing *Stephens v. Manley Deas Kochalski, LLC*, No. CV 17-2470, 2017 U.S. Dist. LEXIS 187732, 2017 WL 5454458, at *6 (E.D. Pa. Nov. 14, 2017) (evidence of the law firm's role as a debt collector was apparent from the initial Complaint and subsequent communications attaching an amended complaint, a notice, and a preacipe were all formal pleadings covered under the exception); *Lambe v. Allgate Fin., LLC*, No. 16-cv-24407, 2017 U.S. Dist. LEXIS 113555, 2017 WL 3115755, at *2 (S.D. Fla. July 20, 2017) (holding that a response to a motion to dismiss constituted a formal pleading); *McKee v. Ingram Law Office, LLC*, No. 15-1201, 2016 U.S. Dist. LEXIS 146697, 2016 WL 6157807, at *4 (N.D. Ala. Oct. 24, 2016) (holding that an attorney's notice of appearance and motion to revive judgment constituted formal pleadings); *Bohannon v. LVNV Funding, LLC*, No. 14-0354, 2015 U.S. Dist. LEXIS 24976, 2015 WL 893362, at *4 (E.D. Va. Mar. 2, 2015) (holding that affidavits attached to warrants in debt fall under the FDCPA's formal pleading exception); *Lilly v. RAB Performance Recoveries, LLC*, No. 12-0364, 2013 U.S. Dist. LEXIS 109369, 2013 WL 4010257, at *4 (E.D. Tenn. Aug. 5, 2013) (holding that a sworn affidavit attached to a civil warrant is a formal pleading under the FDCPA); *Motherway v. Gordon*, No. 09-CV-05605-

RBL, 2010 U.S. Dist. LEXIS 71340, 2010 WL 2803052, at *3 (W.D. Wash. July 15, 2010)(where communications identified that law firm was a debt collector, exception applied despite complaint and summons not containing identifying language to that effect); *Acosta v. Campbell*, No. 6:04CV761ORL28DAB, 2006 U.S. Dist. LEXIS 4088, 2006 WL 146208, at *14 (M.D. Fla. Jan. 18, 2006)(noting that the initial pleading gave "ample notice that the foreclosure was instigated by the debt collecting law firm" and ruling that motions, verifications, and other discovery documents were covered under the exception). The court concluded that this interpretation of the formal pleading exception kept with the "principles of logic." *D'Altilio*, 2018 U.S. Dist. LEXIS 181593, 2018 WL 5263972, at *3.

## Sixth Affirmative Defense

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the number of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

## Seventh Affirmative Defense

Defendant affirmatively alleges that the alleged actions of Defendant and its agents and employees are protected by the "*bona fide* error" defense pursuant to the Florida's Consumer Collection Practices Act ("FCCPA"), Section 559.77, since such actions or inactions, if they occurred, were not

intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such an error.

## Eighth Affirmative Defense

Defendant affirmatively alleges that to the extent that any allegations exceed two (2) years from the date of filing the Complaint, such claims or allegations are barred by the year statute of limitations under Florida's Consumer Collection Practices Act. ("FCCPA").

## Ninth Affirmative Defense

Defendant affirmatively alleges Plaintiff's claims under the FCCPA are not actionable as Defendant did not have the requisite "actual knowledge" to violate Section 559.72(9) *Fla. Stat.   Shallenburg v. PNC Bank, N.A.*, 8:18-CV-2225-T-36TGW, 2020 WL 555447, at *14 (M.D. Fla. Feb. 4, 2020) (plaintiff must show that defendant had actual knowledge that the debt was illegitimate or that it was seeking to enforce a non-existent legal right.") (*citing, Bacelli v. MFP, Inc.*, 729 F. Supp. 2d 1328, 1337 (M.D. Fla. 2010) ("Section [559.72(9)] requires by its terms *actual knowledge*") (emphasis in original)). *McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1272–73 (M.D. Fla. 2008) ("[c]onstructive knowledge is not sufficient" to prove violation of Section 559.72(9));*Finster v. U.S. Bank Natl. Assn.*, 245 F. Supp. 3d 1304, 1318 (M.D. Fla. 2017), *aff'd,* 723 Fed. Appx. 877 (11th Cir. 2018)  (unpublished)  (citation

omitted) ("a plaintiff may not recover if the creditor merely should have known the debt was not legitimate.")  *In re Cooper,* 253 B.R. 286, 290 (Bankr. N.D. Fla. 2000) *(citing, Kaplan v. Assetcare, Inc.,* 88 F. Supp. 2d 1355, 1363 (S.D. Fla. 2000)).  *Section 559.72(9) requires by its terms* **actual knowledge**. *In re Cooper,* 253 B.R. at 290*; see also In re Lamb,* 409 B.R. 534, 541 (Bkrtcy. N.D. Fla. 2009)*; Pollock v. Bay Area Credit Serv., LLC,* No. 08-61101-Civ, 2009 U.S. Dist. LEXIS 71169, 2009 WL 2475167, at *9 (S.D. Fla. Aug. 13, 2009)*; Williams v. Streeps Music Co., Inc., 333 So. 2d 65, 67 (Fla. 4th DCA 1976) Finster v. U.S. Bank Nat'l Ass'n*, 245 F. Supp. 3d 1304, 1318 (M.D. Fla. 2017), *aff'd,* 723 Fed. Appx. 877 (11th Cir. 2018) (citation omitted).

## Tenth Affirmative Defense

Defendant affirmatively alleges that Defendant cannot be held liable for state actions or inactions based on the doctrine of laches.

**WHEREFORE, PREMISES CONSIDERED,** Defendant James E. Albertelli, P.A. d/b/a ALAW respectfully requests that Plaintiff take nothing and that this Court award all such other and further relief, at law or in equity, to which Defendant may be justly entitled to herein.

Dated at Maitland, Florida, this **4th** day **April 2022.**

*/s/ Ernest H. (Skip) Kohlmyer, III*
**Ernest H. Kohlmyer, III, Esq., LL.M.**
Florida Bar No. 0101108
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway
Suite 100
Maitland, Florida 32751
Telephone: (407) 622-1772
Facsimile: (407) 622-1884
E-mail: SKohlmyer@Shepardfirm.com
*Attorney for Defendant James E.*
*Albertelli, PA d/b/a ALAW*

## CERTIFICATE OF SERVICE

I HEREBY that a copy of the foregoing has been electronically filed on **April 4, 2022**, via the CM/ECF System and that a copy was furnished by electronic transmission to:

Samantha Stevins, Esquire
Plaintiff *pro se*
2681 Airport Road, South Suite C-104
Naples, Florida 34112
*Stevinslawfirm@gmail.com*

Respectfully submitted,

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
*SKohlmyer@Shepardfirm.com*
Florida Bar No.: 0101108
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 33751
Telephone: (407) 622-1772
Facsimile (407) 622-1884
*Attorneys for Defendant, ALAW*