## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

SAMANTHA STEVINS,

      Plaintiff,

vs.　　　　　　　　　　**Case No. 2:22-cv-00154-SPC-NPM**

U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE SUCCESSOR IN
INTEREST TO BANK OF AMERICA,
NATIONAL ASSOCIATION, AS
TRUSTEE SUCCESSOR BY MERGER
TO LASALLE BANK NATIONAL
ASSOCIATION, AS TRUSTEE FOR
MERRILL LYNCH MORTGAGE
INVESTORS TRUST, MORTGAGE
LOAN ASSET-BACKED
CERTIFICATES, SERIES 2006-ML; and
JAMES E. ALBERTELLI, P.A., D/B/A
ALBERTELLI LAW; and NATIONSTAR
MORTGAGE LLC D/B/A MR. COOPER

      Defendants.

_____/

### DEFENDANT NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER'S ANSWER TO COMPLAINT AND JURY TRIAL DEMAND

Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper, ("Nationstar")

answers Plaintiff, Samantha Stevins' ("Plaintiff") Complaint as follows.  Any

allegations not expressly admitted herein are denied.

## NATURE OF THE ACTION

1.     Nationstar admits that Plaintiff purports to bring this action against Nationstar for violations of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.,* and the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes § 559.55 and § 559.72.  Nationstar denies it violated the FDCPA or the FCCPA and further denies that Plaintiff is entitled to the damages claimed or relief sought in the Complaint.  Nationstar demands strict proof thereof.

## JURISDICTION AND VENUE

2.     Nationstar admits that Plaintiff purports to bring this action against Nationstar for violations of the FDCPA and/or RESPA and that such claims provide federal question and subject matter jurisdiction pursuant to 28 U.S.C. § 1331, but otherwise denies that Plaintiff is entitled to the damages claimed or relief sought in the Complaint.

3.     Nationstar admits that 28 U.S.C. § 1391 confers venue for actions arising under the FDCPA and the FCCPA, but otherwise denies that Plaintiff is entitled to the damages claimed or relief sought in the Complaint.

## PARTIES

4.      Nationstar is without sufficient knowledge or information to admit or deny the allegations in paragraph 4 of the Complaint, and therefore denies the allegations.

5.      Nationstar is without sufficient knowledge or information to admit or deny the allegations in paragraph 5 of the Complaint at this time and, therefore, denies the allegations.

6.      Nationstar is without sufficient knowledge or information to admit or deny the allegations in paragraph 6 of the Complaint, and therefore denies the allegations.

7.      Nationstar is without sufficient knowledge or information to admit or deny the allegations in paragraph 7 of the Complaint, and therefore denies the allegations.

8.      Nationstar is without sufficient knowledge or information to admit or deny the allegations in paragraph 8 of the Complaint, and therefore denies the allegations.

9.      Nationstar admits that NATIONSTAR MORTGAGE, LLC d/b/a/ Mr. Cooper is a company organized under the laws of the State of Texas. Nationstar denies any remaining allegations in paragraph 9 of the Complaint.

10.    Nationstar denies the allegations and legal conclusions in paragraph 10 of the Complaint.

## FACTS SUPPORTING CAUSES OF ACTION

11.    Nationstar is without sufficient knowledge or information to admit or deny the allegations in paragraph 11 of the Complaint regarding what this action "stems from" and therefore denies the allegations.

12.    Nationstar admits that paragraph 12 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 12 of the Complaint to the extent inconsistent therewith.

13.    Nationstar admits that paragraph 13 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 13 of the Complaint to the extent inconsistent therewith.

14.    Nationstar admits that paragraph 14 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 14 of the Complaint to the extent inconsistent therewith.

15.    Nationstar admits that paragraph  15 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 15 of the Complaint to the extent inconsistent therewith.

16.    Nationstar admits that paragraph 16 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 16 of the Complaint to the extent inconsistent therewith.

17.    Nationstar admits that paragraph 17 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 17 of the Complaint to the extent inconsistent therewith.

18.    Nationstar admits that paragraph 18 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 18 of the Complaint to the extent inconsistent therewith.

19.    Nationstar denies the allegations and legal conclusions in paragraph 19 of the Complaint.  Nationstar admits that Plaintiff purports to characterize the dismissal of the Complaint filed in Case No. 09-CA-6299 in the Circuit Court of Collier County, but Nationstar states that the dismissal document speaks for itself and Nationstar denies any allegations in paragraph 19 of the Complaint to the extent inconsistent therewith.

20.    Nationstar admits that paragraph 20 of the Complaint refers to the dismissal of the Complaint filed in Case No. 09-CA-6299 in the Circuit Court of Collier County, however Nationstar states that the dismissal speaks for itself, and Nationstar denies any allegations in paragraph 20 of the Complaint to the extent inconsistent therewith.

21.    Nationstar admits that paragraph 21 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 21 of the Complaint to the extent inconsistent therewith.

22.     Nationstar denies the allegations and legal conclusions in paragraph 22 of the Complaint.

23.     Nationstar admits that paragraph 23 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 23 of the Complaint to the extent inconsistent therewith.

24.     Nationstar admits that paragraph 24 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 24 of the Complaint to the extent inconsistent therewith.

25.     Nationstar denies the allegations and legal conclusions in paragraph 25 of the Complaint.

26.     Nationstar admits that paragraph 26 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 26 of the Complaint to the extent inconsistent therewith.

27.     Nationstar admits that Plaintiff alleges she is asserting rights under the settlement agreement filed in Case No. 09-CA-6299 in the Circuit Court of Collier County in paragraph 27 of the Complaint and denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

28.     Nationstar admits that paragraph 28 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 28 of the Complaint to the extent inconsistent therewith.

29.     Nationstar admits that paragraph 29 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 29 of the Complaint to the extent inconsistent therewith.

30.     Nationstar admits that paragraph 30 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 30 of the Complaint to the extent inconsistent therewith.

31.     Nationstar admits that paragraph 31 of the Complaint refers to documents which speaks for themselves, and Nationstar denies any allegations in paragraph 31 of the Complaint to the extent inconsistent therewith.

32.     Nationstar denies the allegations and legal conclusions in paragraph 32 of the Complaint.

33.     Nationstar denies the allegations and legal conclusions in paragraph 33 of the Complaint.

34.     Nationstar admits that paragraph 34 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 34 of the Complaint to the extent inconsistent therewith.

35.     Nationstar admits that paragraph 35 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 35 of the Complaint to the extent inconsistent therewith.

36.     Nationstar admits that on August 3, 2018, a Complaint for Mortgage Foreclosure was filed in the Circuit Court for Collier County, Florida,

Case No. 11-2018-CA-002341-0001-XX, and states that paragraph 36 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 36 of the Complaint to the extent inconsistent therewith.

37.    Nationstar admits that paragraph 37 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 37 of the Complaint to the extent inconsistent therewith.

38.    Nationstar is without sufficient knowledge or information to admit or deny the allegations in paragraph 38 of the Complaint at this time and, therefore, denies the allegations.

39.    Nationstar denies the allegations and legal conclusions in paragraph 39 of the Complaint.

40.    Nationstar admits that paragraph 40 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 40 of the Complaint to the extent inconsistent therewith.

41.    Nationstar denies the allegations and legal conclusions in paragraph 41 of the Complaint.

42.    Nationstar admits that paragraph 42 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 42 of the Complaint to the extent inconsistent therewith.

43.    Nationstar admits that paragraph 43 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 43 of the Complaint to the extent inconsistent therewith.

44.    Nationstar admits that paragraph 44 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 44 of the Complaint to the extent inconsistent therewith.

45.    Nationstar denies the allegations and legal conclusions in paragraph 45 of the Complaint.

46.    Nationstar admits that paragraph 46 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 46 of the Complaint to the extent inconsistent therewith.

47.    Nationstar admits that paragraph 47 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 47 of the Complaint to the extent inconsistent therewith.

48.    Nationstar admits that paragraph 48 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 48 of the Complaint to the extent inconsistent therewith.

49.    Nationstar admits that paragraph 49 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 49 of the Complaint to the extent inconsistent therewith.

50.     Nationstar admits that paragraph 50 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 50 of the Complaint to the extent inconsistent therewith.

51.     Nationstar admits that paragraph 51 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 51 of the Complaint to the extent inconsistent therewith.

52.     Nationstar denies the allegations and legal conclusions in paragraph 52 and subparts a-c of the Complaint.  Nationstar demands strict proof thereof.

53.     Nationstar denies the allegations and legal conclusions in paragraph 53 of the Complaint.  Nationstar demands strict proof thereof.

54.     Nationstar denies the allegations and legal conclusions in paragraph 54 of the Complaint.  Nationstar demands strict proof thereof.

55.     Nationstar denies the allegations and legal conclusions in paragraph 55 of the Complaint. Nationstar demands strict proof thereof.

56.     Nationstar denies the allegations and legal conclusions in paragraph 56 of the Complaint.  Nationstar demands strict proof thereof.

57.     Nationstar denies the allegations and legal conclusions in paragraph 57 of the Complaint.  Nationstar demands strict proof thereof.

58.     Nationstar denies the allegations and legal conclusions in paragraph 58 of the Complaint.  Nationstar demands strict proof thereof.

59.     Nationstar denies the allegations and legal conclusions in paragraph 59 of the Complaint.  Nationstar demands strict proof thereof.

60.     Nationstar denies the allegations and legal conclusions in paragraph 60 of the Complaint.  Nationstar demands strict proof thereof.

61.     Nationstar denies the allegations and legal conclusions in paragraph 61 of the Complaint.  Nationstar demands strict proof thereof.

62.     Nationstar denies the allegations and legal conclusions in paragraph 62, and the subparts of paragraph 62, of the Complaint. Nationstar demands strict proof thereof.

63.     Nationstar denies the allegations and legal conclusions in paragraph 63 of the Complaint. Nationstar demands strict proof thereof.

64.     Nationstar denies the allegations and legal conclusions in paragraph 64 of the Complaint. Nationstar demands strict proof thereof.

65.     Nationstar denies the allegations and legal conclusions in paragraph 65 of the Complaint. Nationstar demands strict proof thereof.

66.     Nationstar denies the allegations and legal conclusions in paragraph 66 of the Complaint. Nationstar demands strict proof thereof.

67.     Nationstar denies the allegations and legal conclusions in paragraph 67 of the Complaint. Nationstar demands strict proof thereof.

68.     Nationstar is without sufficient knowledge or information to admit or deny the allegations in paragraph 68 of the Complaint, and therefore denies the allegations and legal conclusions.

69.      Nationstar admits that paragraph 69 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 69 of the Complaint to the extent inconsistent therewith.

70.     Nationstar lacks sufficient knowledge or information to admit or deny the allegations contained in paragraph 70. To the extent that the allegations are asserted directly, indirectly, or vicariously against Nationstar, the allegations in paragraph 70 are denied.

71.     Nationstar is without sufficient knowledge or information to admit or deny the allegations in paragraph 71 of the Complaint, and therefore denies the allegations and legal conclusions.

72.     Nationstar is without sufficient knowledge or information to admit or deny the allegations in paragraph 72 of the Complaint, and therefore denies the allegations and legal conclusions.

73.     Nationstar admits that paragraph 73 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 73 of the Complaint to the extent inconsistent therewith.

74.     Nationstar is without sufficient knowledge or information to admit or deny the allegations in paragraph 74 of the Complaint, and therefore denies the allegations and legal conclusions.

75.     Nationstar denies the allegations and legal conclusions in paragraph 75 of the Complaint.  Nationstar demands strict proof thereof.

76.     Nationstar denies the allegations and legal conclusions in paragraph 76 of the Complaint.  Nationstar demands strict proof thereof.

77.     Nationstar admits that paragraph 77 of the Complaint refers to a document which speaks for itself, and Nationstar denies any allegations in paragraph 77 of the Complaint to the extent inconsistent therewith.

78.     Nationstar admits that on August 3, 2018, a Complaint for Mortgage Foreclosure was filed in the Circuit Court for Collier County, Florida, Case No. 11-2018-CA-002341-0001-XX, and that paragraph 78 of the Complaint refers to that proceeding. Nationstar denies any allegations in paragraph 78 that are inconsistent with the Complaint in that proceeding.

79.     Nationstar denies the allegations and legal conclusions in paragraph 79 of the Complaint.  Nationstar demands strict proof thereof.

80.     Nationstar denies the allegations and legal conclusions in paragraph 80 of the Complaint.  Nationstar demands strict proof thereof.

## <u>COUNT I VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

81.     Nationstar incorporates its responses to paragraphs 1 through 80 above as if fully restated herein.

82.     Nationstar denies the allegations and legal conclusions in paragraph 82 of the Complaint.

83.     Nationstar denies the allegations and legal conclusions in paragraph 83 of the Complaint.

84.     Nationstar denies the allegations and legal conclusions in paragraph 84 of the Complaint.  Nationstar demands strict proof thereof.

85.     Nationstar states that paragraph 85 of the Complaint purports to quote the definition of "debt" under 15 U.S.C. § 1692a(5) of the FDCPA, which speaks for itself. Nationstar denies any allegations in paragraph 85 of the Complaint to the extent inconsistent therewith.

**a. Violations of FDCPA s§1692E**

86.     Nationstar states that paragraph 86 of the Complaint purports to quote the definition of "debt collector" under 15 U.S.C. § 1692a(6) of the FDCPA, which speaks for itself. Nationstar denies any allegations in paragraph 86 of the Complaint to the extent inconsistent therewith.

87.     Nationstar states that paragraph 87 of the Complaint purports to quote the definition of specific violations pursuant to 15 U.S.C. § 1692 (multiple

sections) of the FDCPA, which speaks for itself.  Nationstar denies any allegations in paragraph 87 of the Complaint to the extent inconsistent therewith.

88.    Nationstar denies the allegations and legal conclusions in paragraph 88 of the Complaint.  Nationstar demands strict proof thereof.

### b. Alleged Violations of FDCPA § 1692f

89.    Nationstar states that paragraph 89 of the Complaint purports to quote the prohibitions under 15 U.S.C. § 1692f of the FDCPA, which speaks for itself.  Nationstar denies any allegations in paragraph 89 of the Complaint to the extent inconsistent therewith.

90.    Nationstar denies the allegations and legal conclusions in paragraph 90 of the Complaint.  Nationstar demands strict proof thereof.

91.    Nationstar denies the allegations and legal conclusions in paragraph 91 of the Complaint.  Nationstar demands strict proof thereof.

92.    Nationstar denies the allegations and legal conclusions in paragraph 92 of the Complaint.  Nationstar demands strict proof thereof.

93.    Nationstar denies the allegations and legal conclusions in paragraph 93 of the Complaint.  Nationstar demands strict proof thereof.

94.    Nationstar denies the allegations and legal conclusions in paragraph 94 of the Complaint.  Nationstar demands strict proof thereof.

95.    Nationstar denies the allegations and legal conclusions in

paragraph 95 of the Complaint.  Nationstar demands strict proof thereof.

Nationstar denies the allegations and legal conclusions of the WHEREFORE clause following paragraph 95 of the Complaint, and all subparts thereto, and further denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

### COUNT II VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

96.    Nationstar incorporates its responses to paragraphs 1 through 95 above as if fully restated herein.

97.    Nationstar denies the allegations and legal conclusions in paragraph 97 of the Complaint.

98.    Nationstar denies the allegations and legal conclusions in paragraph 98 of the Complaint.

99.    Nationstar denies the allegations and legal conclusions in paragraph 99 of the Complaint.

### a.  Violations of FCCPA § 559.72 (10)

100.   Nationstar states that paragraph 100 of the Complaint purports to quote § 559.72(9) of the FDCPA, which speaks for itself. Nationstar denies any allegations in paragraph 100 of the Complaint to the extent inconsistent therewith.

101. Nationstar denies the allegations and legal conclusions in paragraph 101 of the Complaint.

Nationstar denies the allegations and legal conclusions of the WHEREFORE clause, and all subparts of that clause following paragraph 101 of the Complaint, and further denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

## COUNT III VIOLATIONS OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA) 12 U.S.C.S. § 2605

102. Nationstar admits that it is the loan servicer that serviced the mortgage on the property at issue in the Complaint. Nationstar is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 102 of the Complaint and, therefore, denies the allegations.

103. Nationstar denies the allegations and legal conclusions in paragraph 103 of the Complaint.

104. Nationstar admits that Plaintiff asserts that jurisdiction over this matter is conferred upon this Court by 12 U.S.C.A. § 2615, 15 U.S.C.A. § 1692 and 28 U.S.C.A. § 1331. All other allegations and legal conclusions of paragraph 104 are denied.

105.   Nationstar admits that Plaintiff asserts that venue lies in this judicial district.  All other allegations and legal conclusions of paragraph 105 are denied.

106.   Nationstar incorporates its responses to paragraphs 71-76 above as if fully restated herein.

107.   Nationstar denies the, allegations and legal conclusions in paragraph 107 of the Complaint.  Nationstar demands strict proof thereof.

108.   Nationstar denies the allegations and legal conclusions in paragraph 108 of the Complaint.  Nationstar demands strict proof thereof.

109.   Nationstar denies the allegations and legal conclusions in paragraph 109, and all subparagraphs of paragraph 109 of the Complaint. Nationstar demands strict proof thereof.

Nationstar denies the allegations and legal conclusions of the WHEREFORE clause following paragraph 109 of the Complaint, and further denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

## COUNT IV QUIET TITLE

110.   Nationstar admits that Plaintiff purports to bring a cause of action for quiet title, but Nationstar denies that Plaintiff has stated a cause of action or is entitled to the relief sought or damages claimed in the Complaint.

111. Nationstar denies the allegations and legal conclusions in paragraph 111 of the Complaint.

112. Nationstar admits that Plaintiff alleges jurisdiction and venue pursuant to 28 U.S.C.A. § 1332 and the amount of the loan appearing on the promissory note, which speaks for itself. Otherwise, the allegations and legal conclusions in paragraph 112 are denied.

113. Nationstar admits that Plaintiff alleges jurisdiction and venue are proper pursuant to 28 U.S.C.A. § 1331, which speaks for itself. Nationstar is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 113 of the Complaint, and therefore denies the allegations and legal conclusions.

114. Nationstar is without sufficient knowledge or information to admit or deny the allegations in paragraph 114 of the Complaint, and therefore denies the allegations and legal conclusions.

115. Nationstar admits that it operates under a charter and that its principal place of business is in Minnesota, and denies the remaining allegations and legal conclusions in paragraph 115 of the Complaint.

116. Nationstar is without sufficient knowledge or information to admit or deny the allegations in paragraph 116 of the Complaint, and therefore denies the allegations and legal conclusions.

117. Nationstar admits that paragraph 117 of the Complaint

purports that this as an action to quiet title and denies the remaining allegations and legal conclusions of paragraph 117 of the Complaint.

118.   Nationstar admits that Defendant U.S. Bank claims a lien on the Property that is the subject of this action.

119.   Nationstar denies the allegations and legal conclusions in paragraph 119 of the Complaint.  Nationstar demands strict proof thereof.

120.   Nationstar admits that paragraph 120 of the Complaint refers to documents which speaks for themselves, and Nationstar denies any allegations in paragraph 120 of the Complaint to the extent inconsistent therewith.

121.   Nationstar admits that paragraph 121 of the Complaint refers to documents which speaks for themselves, and Nationstar denies any allegations in paragraph 121 of the Complaint to the extent inconsistent therewith.

122.   Nationstar denies the allegations and legal conclusions in paragraph 122 of the Complaint. Nationstar demands strict proof thereof.

123.   Nationstar denies the allegations and legal conclusions in paragraph 123 of the Complaint.  Nationstar demands strict proof thereof.

Nationstar denies the allegations and legal conclusions of the WHEREFORE clause following paragraph 123 of the Complaint, and further denies that Plaintiff has stated a cause of action or is entitled to

the relief sought or damages claimed in the Complaint.

## PRAYER FOR RELIEF

Nationstar denies the allegations and legal conclusions in the Complaint, and further denies that Plaintiff has stated a cause of action or is entitled to the relief sought in the Complaint.

## TRIAL BY JURY

Nationstar denies that Plaintiff is entitled to a jury trial for any causes of action.

## GENERAL DENIAL

All other allegations not specifically admitted or denied herein are denied.

## SEPARATE DEFENSES

Nationstar states the following defenses or avoidances to Plaintiff's Complaint without assuming the burden of proof of any such defense that would otherwise rest on Plaintiff and reserves the right to amend and/or supplement its responses to Plaintiff's allegations, as well as these avoidances and defenses, as additional information is obtained through the discovery process or otherwise.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint is barred in whole or in part for failure to state a cause of action for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Compliance with Law)

Nationstar states that at all times relevant hereto, it has conducted itself in good faith and met or exceeded the requirements of all applicable laws, regulations, and standards applicable to Nationstar and the Mortgage at issue. Nationstar further asserts that if any alleged conduct by Nationstar did violate FDCPA, FCCPA or RESPA (which Nationstar disputes), such conduct was at all times in good faith.

## THIRD AFFIRMATIVE DEFENSE
### (Good Faith Conduct)

Nationstar asserts that even if a FDCPA, FCCPA or RESPA violation existed, any such violation was unintentional and the result of a bona fide error notwithstanding the maintenance of policies and procedure to avoid such error. Plaintiff is precluded from recovery from Nationstar for a willful and knowing violation of FDCPA, FCCPA or RESPA because any such violation (which Nationstar denies occurred) would have been accidental.

## FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by the relevant statute of limitations for FDCPA, FCCPA, RESPA and further barred by the Settlement Agreement attached as Exhibit B to the Complaint.

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrines of knowledge, waiver, ratification, laches, and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE
### (Third Parties)

Plaintiff's damages, if any, were caused by the actions and/or inactions by Plaintiff and third parties, which actions caused any and all of the alleged damages Plaintiff suffered, which damages Nationstar denies.

## SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Damages)

Plaintiff's claims are barred because Plaintiff did not suffer any cognizable damages, and to the extent Plaintiff did suffer any damages, which alleged damages Nationstar denies, such damages were not caused by Nationstar.

### EIGHTH AFFIRMATIVE DEFENSE
(Standing)

Plaintiff suffered no actual injury. Thus, Plaintiff lacks Article III standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

### NINETH AFFIRMATIVE DEFENSE
(Failure to Mitigate)

Plaintiff's claims are barred because Plaintiff failed to mitigate any alleged damages, and thus to the extent Plaintiff was damaged, which Nationstar denies, Nationstar is not responsible for the same.

### TENTH AFFIRMATIVE DEFENSE
(Estoppel)

By virtue of her own conduct, Plaintiff is estopped for the claims alleged in Plaintiff's Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE
(Unjust Enrichment)

Plaintiff's claim is barred, in whole or in part, by the doctrine of unjust enrichment.

**WHEREFORE,** Nationstar hereby requests that this Court deny the relief and damages requested in the Complaint, enter judgment in favor of Nationstar, and award Nationstar costs, attorney's fees, and all other relief this Court deems just and appropriate.

Dated: April 14, 2022                Respectfully submitted,

By  */s/ Elizabeth R.P. Bowen*
      Jason R. Bowyer
      Florida Bar No. 0693731
      jbowyer@mcguirewoods.com
      Elizabeth R.P. Bowen
      Florida Bar No. 097297
      ebowen@mcguirewoods.com
      **McGuireWoods LLP**
      50 North Laura Street, Suite 3300
      Jacksonville, Florida 32202
      (904) 798-3200
      (904) 798-3207 (fax)
      flservice@mcguirewoods.com
      fladmin@mcguirewoods.com

*Attorneys for Defendants, U.S. Bank National Association as Trustee Successor in Interest to Bank Of America, National Association, as Trustee Successor by Merger to LaSalle Bank National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-ML and Nationstar Mortgage LLC d/b/a Mr. Cooper*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on April 14, 2022.  I also certify that the foregoing document is being served this day via transmission of Electronic Filing generated by CM/ECF on the following counsel: Samantha Stevins, Esq.

Samantha Stevins, Attorney At Law
2681 Airport Road South
Suite C-104
Naples, FL 34112
stevinslawfirm@gmail.com
*Plaintiff*

Ernest H. Kohlmyer, III
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Pkwy, Suite 100
Maitland, FL 32751
skohlmyer@shepardfirm.com
*Attorneys for Defendant James E.*
*Albertelli, P.A. d/b/a Albertelli Law*


 */s/ Elizabeth R.P. Bowen*
Attorney